# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHESAPEAKE BAY FOUNDATION, INC., *et al.*,) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.               ) | Civil Action Nos. RDB-20-1063, |
| ) | RDB-20-1064 |
| ) | |
| MICHAEL REGAN, in his official capacity as   ) | |
| Administrator of the U.S. Environmental    ) | |
| Protection Agency, *et al.*,                ) | |
| ) | |
| Defendants.    ) | |
| ) | |

## JOINT MOTION TO HOLD CASES IN ABEYANCE

Plaintiffs and Defendant Agencies hereby move the Court to hold these consolidated cases in abeyance pending issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking. The bases for this motion are set forth below.

1.     The Clean Water Act, among other provisions, prohibits "the discharge of any pollutant by any person" without a permit or other authorization, 33 U.S.C. § 1311(a), to "navigable waters," which are defined as "the waters of the United States." *Id*. § 1362(7).

2.     In these consolidated cases, Plaintiffs challenge two rules promulgated by the Agencies that define the phrase "waters of the United States" in Section 1362(7) of the Clean Water Act: the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("NWPR"), and the Definition of "Waters of the United

States"—Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule").

3.     On November 24, 2020, Plaintiffs filed their combined motion for summary judgment on both rules. Dkt. No. 35. The Agencies filed their combined response and cross-motion on January 15, 2021. Dkt. No. 44.

4.     On January 20, 2021, President Biden signed Executive Order 13990, entitled "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," which directed federal agencies to review certain regulations, including the NWPR. *See* 86 Fed. Reg. 7037 (Jan. 25, 2021). In light of the Agencies' review in conformance with the Executive Order, the Agencies requested, and this Court granted, an abeyance of these consolidated cases starting in February 2021. *See* Dkt. Nos. 47, 48, 50, & 51.

5.     On June 9, 2021, the Agencies announced their intent to revise the definition of "waters of the United States." U.S. EPA, *Intention to Revise the Definition of "Waters of the United States,"* https://www.epa.gov/wotus/intention-revise-definition-waters-united-states (last visited November 9, 2021). The Agencies subsequently issued a Federal Register notice announcing that they intend to undertake two rulemakings. 86 Fed. Reg. 41,911 (Aug. 4, 2021). The first, and forthcoming, rule will propose to restore the regulations defining "waters of the United States" in place for decades until 2015, with amendments to reflect the Agencies' interpretation of the statutory limits on the scope of the "waters of the United States" informed by Supreme Court case law. The Agencies then intend to propose a second rule that builds upon that regulatory foundation with the benefit of additional stakeholder engagement.

6.     Following the Agencies' review of the NWPR pursuant to Executive Order 13990, the Agencies moved to remand the NWPR in numerous courts where litigation

challenging the rule was pending; various other cases challenging the NWPR have been held in abeyance.[1]

7.     On September 1, 2021, the Parties proposed, and the Court entered, a schedule for briefing the Agencies' anticipated motion for voluntary remand of the NWPR without vacatur. Dkt. Nos. 52 & 53. At the Parties' request, the Court later extended that schedule. *See* Dkt. Nos. 58 & 59.

8.     Although the Agencies asked for remand without vacatur of the NWPR, two courts have remanded the rule with vacatur. *See* Order, *Pascua Yaqui Tribe v. EPA*, No. 4:20-cv-00266, 2021 WL 3855977, at *6 (D. Ariz. Aug. 30, 2021); Order at 9-10, *Navajo Nation v. Regan*, No. 2:20-cv-602, (D.N.M. Sept. 27, 2021), Dkt. No. 43.

9.     As a result of those orders, "the agencies have halted implementation of the Navigable Waters Protection Rule and are interpreting 'waters of the United States' consistent with the pre-2015 regulatory regime until further notice." *See* U.S. EPA, *Current Implementation of Waters of the United States*, https://www.epa.gov/wotus/current-implementation-waters-united-states (last visited November 9, 2021). The Agencies do not intend to appeal the orders. On October 25, 2021, intervenors in *Pascua* filed a notice of appeal and moved to stay the Arizona district court's order pending their appeal. *See Pascua Yaqui Tribe v. EPA*, No. 4:20-cv-00266 (D. Ariz.) Dkt. Nos. 104-106; *see also Pasqua Yaqui Tribe v. Ariz. Rock Prods. Assoc.*, No. 21-16791 (9th Cir.).

10.     The Agencies are focusing on their new rulemaking and proceeding expeditiously to publish a proposed rule for public comment. The Agencies anticipate issuing a proposed rule within the coming weeks. If a proposed rule is published, the content of that proposal—and any

---

[1] *See infra* ¶¶ 13-14.

final rule issued thereafter—may affect the Parties' views on further litigation regarding the NWPR and the 2019 Rule.

11.     Accordingly, the Parties request that the cases be held in abeyance pending the Agencies' issuance of a final rule regarding the definition of "waters of the United States" or a determination by the Agencies that they will no longer proceed with the rulemaking. The Parties propose that the Court order them to submit a proposal or proposals for further proceedings within 21 days after either event occurs. The Agencies will provide a status report every 90 days during the abeyance period. Each party reserves the right to move this Court to lift or extend the abeyance prior to the end of the abeyance period if circumstances warrant.

12.     The Parties have good cause for this request. Granting this motion will not prejudice any party, will conserve the Parties' resources, and will promote the interest of judicial economy.

13.     Two courts have vacated the NWPR. Multiple other courts have granted the Agencies' motion for remand, either without vacatur or without addressing vacatur. *See, e.g.*, Order at 4, *Pueblo of Laguna v. Regan*, No. 1:21-cv-00277 (D.N.M. Sept. 21, 2021), Dkt. No. 40 (declining to reach issue of vacatur in light of the *Pascua* decision); Order, *California v. Regan*, No. 3:20-cv-03005 (N.D. Cal. Sept. 16, 2021), Dkt. No. 271 (same); Order at 1, *Waterkeeper All. v. Regan*, No. 3:18-cv-03521 (N.D. Cal. Sept. 16, 2021), Dkt. No. 125 (same); Order at 2, *Conservation L. Found. v. EPA*, No. 1:20-cv-10820, (D. Mass. Sept. 1, 2021), Dkt. No. 122 (same); Order, *S.C. Coastal Conservation League v. Regan*, No. 2:20-cv-01687 (D.S.C. July 15, 2021), Dkt.No. 147 (remanding without vacating); Order, *Murray v. Regan*, No. 1:19-cv- 01498 (N.D.N.Y. Sept. 7, 2021), Dkt.No. 46 (same).

14.     Because many courts have already addressed the substance of the Agencies'
motion for remand, and the Agencies are no longer applying the NWPR, continuing to litigate
such a motion for remand here does not serve the interest of judicial economy. Indeed, multiple
courts have stayed related litigation challenging the NWPR, as well as litigation challenging the
2019 Rule. *See, e.g.*, Minute Order, *Env't Integrity Project v. Regan*, No. 1:20-cv-01734 (D.D.C.
Oct. 30, 2021) (holding case in abeyance through April 29, 2022); Order, *N.M. Cattle Growers'
Ass'n v. EPA*, No. 1:19-cv-00988 (D.N.M. Oct. 5, 2021), Dkt. No. 73 (continuing stay until April
2022); Order at 6, *Or. Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00564 (D. Or. Sept. 22, 2021),
Dkt. No. 124 (same); Order at 2, *Puget Soundkeeper All. v. EPA*, No. 2:20-cv-00950 (W.D.
Wash. Sept. 29, 2021), Dkt. No. 54 (continuing stay until April 2022); Order at 2, *Wash.
Cattlemen's Ass'n v. EPA*, No. 2:19-cv-00569 (W.D. Wash. Sept. 29, 2021), Dkt. No. 107
(same); Order, *Colorado v. EPA*, No. 1:20-cv-01461 (D. Colo. July 14, 2021), Dkt. No. 111
(staying case indefinitely); *see also* Order, *S.C. Coastal Conservation League v. Regan*, No.
2:19-cv-03006 (D.S.C. Sept. 23, 2021), Dkt. No. 85 (staying challenge to the 2019 Rule until
January 3, 2022); Order at 1, *Navajo Nation v. Regan*, No. 2:20-cv-00602 (D.N.M. Oct. 28,
2021), Dkt. No. 45 (staying challenge to 2019 Rule until the Agencies publish a final rule
defining "waters of the United States" or decide not to do so).

For the foregoing reasons, the Parties respectfully request that the Court grant this motion
and (a) hold these consolidated cases in abeyance pending publication of a Final Rule in the
Federal Register or the Agencies' decision that they will no longer proceed with the rulemaking,
(b) direct the Parties to submit a proposal or proposals for further proceedings within 21 days
after either event occurs, and (c) direct the Agencies to file status reports every 90 days during
the abeyance period.

Dated: November 10, 2021.

Respectfully submitted,

/s/ *Sonya J. Shea*
SONYA J. SHEA, Bar No. 807648
*Trial Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone:  (303) 844-7231
Facsimile:  (303) 844-1350
sonya.shea@usdoj.gov

SARAH IZFAR, Bar No. 19587
*Trial Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 305-0490
Facsimile:  (202) 514-8865
sarah.izfar@usdoj.gov

*Counsel for Defendants*

/s/ *Brittany E. Wright*
Brittany E. Wright (Bar No. 21029)
(signed by Sonya J. Shea with permission of Brittany E. Wright)
Jon A. Mueller (Bar No. 17142)
Chesapeake Bay Foundation, Inc.
6 Herndon Avenue
Annapolis, MD 21403
(443) 482-2077
Fax: (410) 268-6687
bwright@cbf.org
jmueller@cbf.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2021, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

*/s/ Sonya J. Shea*